# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE RENVALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Case No.: 3:18-cv-00809-H-NLS<br><br>**ORDER:**<br><br>**(1) SUBMITTING MOTION ON THE PAPERS; and**<br><br>**(2) DENYING MOTION TO BIFURCATE**<br><br>[Doc. No. 10.] |

On June 8, 2018, Defendant Albertsons Companies, Inc. ("Albertsons") filed a motion to bifurcate discovery and partially stay this case. (Doc. No. 10.) Plaintiff Katie Renvall ("Renvall") opposed the motion on July 24, 2018, (Doc. No. 21), and Albertsons replied on July 27, 2018. (Doc. No. 22.) Having reviewed the parties' briefing,[1] the Court now denies the motion.

This putative class action arises under the Telephone Consumer Protection Act

---

[1] A hearing on the motion is scheduled for August 6, 2018 at 10:30 a.m. (Doc. No. 19.) Pursuant to its discretion under Local Civil Rule 7.1(d)(1), the Court determines the matter to be appropriate for resolution without oral argument, submits it on the papers, and vacates the motion hearing.

1

("TCPA"), 47 U.S.C. § 227. Renvall alleges that she received an illegal unsolicited text message from Albertsons on March 15, 2018. (Doc. No. 1, Complaint, ¶ 13.) She seeks to recover statutory damages for herself and on behalf of a class of persons who received similar text messages between 2014 and 2018. (Id. at ¶ 26.) Albertsons contends that it was not the "maker" of the text message sent to Renvall, as that term is defined by federal law. (Doc. No. 11, Albertsons' Br., at 2.) In this motion, Albertsons asks the Court "to bifurcate discovery solely on the discrete and dispositive issue of whether Albertsons is the 'maker' of the . . . text Plaintiff received, and to stay the remainder of the case." (Id. at 3 (emphasis omitted).) In other words, Albertsons wishes to forgo any class proceedings unless and until Renvall survives a summary judgment motion on her individual claim.

District courts have broad discretion to divide discovery into multiple discrete phases when doing so enhances the efficiency of the litigation and is otherwise reasonable under the circumstances. See, e.g., In re Hanford Nuclear Reservation Litig., 292 F.3d 1124, 1134 (9th Cir. 2002) (affirming decision to bifurcate discovery). In deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." True Health Chiropractic Inc. v. McKesson Corp., No. 13–cv–02219–JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015).

After considering the parties' respective arguments and relevant legal authorities, the Court concludes that bifurcating discovery would not substantially improve the efficiency of this litigation, and denies the motion. See True Health, 2015 WL 273188, at *2–3 (denying motion to bifurcate individual and class discovery in a TCPA case). However, the Court agrees with Albertsons that it is desirable to ascertain as early as possible whether Renvall's individual claim is viable. The Court accordingly orders the parties to meet and confer, and work and good faith to prioritize discovery related to

whether Albertsons was the "maker" of the text message sent to Renvall on March 15, 2018.  At a minimum, the parties must exchange all discovery relevant to this issue **on or before October 1, 2018**.  The Court refers any disputes related to compliance with this Order, and any discovery disputes in general, to the Hon. Nita L. Stormes for disposition in the first instance.

**IT IS SO ORDERED.**

DATED: August 1, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT